UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HAILI S., | |
| Plaintiff, | CASE NO. C19-5030-MJP-MAT |
| v. | |
| ANDREW M. SAUL,<br>Commissioner of Social Security,[1] | REPORT AND RECOMMENDATION<br>RE: SOCIAL SECURITY DISABILITY<br>APPEAL |
| Defendant. | |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that the Commissioner's decision be REVERSED and this matter REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1991.[2] She has a GED, and has held two jobs for about a

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted for Nancy A. Berryhill as defendant in this suit.

[2] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 1

month each. (AR 52, 210.)

Plaintiff applied for SSI in July 2015, alleging disability beginning July 1, 2015. (AR 191-96.) Her application was denied at the initial level and on reconsideration, and she timely requested a hearing. (AR 121-24, 130-39.)

On April 25, 2017, ALJ Allen G. Erickson held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 43-93.) On October 25, 2017, the ALJ issued a decision finding Plaintiff not disabled. (AR 22-32.)

Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on August 20, 2018 (AR 6-11), making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of the ALJ's decision.

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had worked after the alleged onset date, but the work activity did not rise to the level of substantial gainful activity. (AR 24.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's bipolar disorder and obsessive-compulsive disorder (OCD). (AR 24-25.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 25-26.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

residual functional capacity (RFC) and determine at step four whether the claimant demonstrated an inability to perform past relevant work. The ALJ found Plaintiff able to perform a full range of work at all exertional levels, with the following limitations: she can understand, remember, and apply short, simple instructions and perform routine, predictable tasks. She cannot work at a fast production pace and she is restricted to making simple decisions. She can be exposed to only occasional workplace changes and have occasional interaction with the general public and co-workers. (AR 26.)

Because the ALJ found that Plaintiff had no past relevant work (AR 31), he proceeded to step five of the sequential evaluation, where the burden shifts to the Commissioner to demonstrate that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found Plaintiff capable of performing representative occupations, such as kitchen helper, hand packager, and auto detailer. (AR 31-32.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in assessing the opinions of examining physician Jennifer Irwin, M.D., and examining psychologist Amanda Rosenkoetter, Ph.D. The Commissioner argues

the ALJ's decision is supported by substantial evidence and should be affirmed.

<u>Medical Opinions</u>

Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ may reject physicians' opinions "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*, 881 F.2d at 751). Rather than merely stating her conclusions, the ALJ "must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

A.   <u>Dr. Irwin</u>

Dr. Irwin examined Plaintiff in November 2015 and wrote a narrative report describing her symptoms and limitations. (AR 369-72.) Dr. Irwin's medical source statements reads, in relevant part:

> [Plaintiff] would have difficulty performing work activities on a consistent basis without special or additional instructions. She has only worked for one month, though she has been out of high school for 6-7 years, and was let go from that job for rude behavior with customers.
>
> She would not have difficulty maintaining regular attendance in the workplace.
>
> She would have difficulty completing a normal work/day/workweek without interruption from a psychiatric condition due to symptoms of [OCD].
>
> She would have difficulty dealing with the usual stress encountered in the workplace.

(AR 372.) The ALJ summarized Dr. Irwin's conclusions and gave "some weight" to the opinion,

but discounted it because "the finding that the claimant could not deal with usual workplace stress is inconsistent with the accompanying finding that the claimant could maintain regular attendance." (AR 30.)

This assessment is problematic. It is not clear how the portions of the opinion identified by the ALJ are actually inconsistent: the connection between dealing with workplace stress and maintaining regular attendance is not obvious. Moreover, Dr. Irwin did not find that Plaintiff "could not deal" with workplace stress, but found that she "would have difficulty" with it: an unquantified amount of difficulty with workplace stress is not necessarily inconsistent with the ability to attend work. (AR 372.)

The ALJ's assessment is also inadequate because it does not account for Dr. Irwin's opinion that Plaintiff would have difficulty performing work activities on a consistent basis without special or additional instructions, or that she would have difficulty completing a normal workday/workweek without interruptions from her OCD symptoms. (AR 372.) The Commissioner suggests that the ALJ's identification of normal mental status findings in other parts of the decision provides a basis for discounting these parts of Dr. Irwin's opinion. Dkt. 15 at 4. However, the ALJ did not provide such reasoning and nothing in the decision would permit the Court to so infer. Because the ALJ failed to provide specific, legitimate reasons to discount all of the parts of Dr. Irwin's opinion that are inconsistent with the RFC assessment, the ALJ's decision is erroneous. *See* Social Security Ruling 96-8p, 1996 WL 374184, at \*7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). The ALJ should be ordered to reconsider Dr. Irwin's opinion on remand and either credit it or provide legally sufficient reasons to discount it.

/ / /

B.  Dr. Rosenkoetter

Dr. Rosenkoetter examined Plaintiff in November 2015 and completed a DSHS form opinion describing her symptoms and limitations. (AR 595-99.) The ALJ noted that Dr. Rosenkoetter found Plaintiff to be markedly or severely limited in six out of the thirteen basic work activities. (AR 31.) The ALJ found that the checkboxes were "unaccompanied by references to objective medical finding[s] to support them[,]" and were inconsistent with Plaintiff's ability to earn her GED during the adjudicated period, and thus he gave only "some weight" to Dr. Rosenkoetter's opinion. (AR 31.)

It is true that Dr. Rosenkoetter did not explain the basis for her checkbox ratings. (AR 597.) Neither are the objective medical findings contained within Dr. Rosenkoetter's form opinion consistent with marked or severe symptoms or limitations. (*See, e.g.*, AR 596-97 (depression and anxiety are both mild), 599 (listing "obsessive thinking" as abnormal thought process, but also noting that Plaintiff provided no detail as to her obsessive thinking (AR 597)), 599 (listing "auditory hallucinations" as abnormal perception, but also noting that Plaintiff reported that her hallucinations were currently controlled by medication (AR 595).) The ALJ did not err in finding that Dr. Rosenkoetter's checkbox opinions were not supported by objective findings, or in discounting the opinion on that basis. *See Thomas*, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

Moreover, Plaintiff's ability to earn her GED during the adjudicated period is reasonably inconsistent with Dr. Rosenkoetter's opinion that she was severely limited in her ability to perform activities within a schedule, maintain regular attendance, and to be punctual within customary tolerances without special supervision. (AR 597.) Plaintiff testified that she took classes multiple

times per week for multiple hours per day (AR 72-73) for a few months in order to earn her GED, and her ability to persist in that activity reasonably contradicts Dr. Rosenkoetter's opinion as to limitations in keeping to a schedule. This is another legitimate reason to discount Dr. Rosenkoetter's opinion. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (affirming an ALJ's rejection of a treating physician's opinion that was inconsistent with the claimant's level of activity).

## CONCLUSION

For the reasons set forth above, the Court recommends that the Commissioner's decision should be REVERSED and this matter REMANDED for further administrative proceedings. On remand, the ALJ should be instructed to reconsider Dr. Irwin's opinion.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 6, 2019**.

DATED this 21st day of August, 2019.

Mary Alice Theiler
United States Magistrate Judge